*W. H. Coombs* and *I. H. Kiersted,* for the defendant.

---

## THE STATE v. BEST and Another.

. When a *habeas corpus* issues on a complaint of illegal imprisonment, the judge who issues the writ may, if the authority by which the prisoner is detained be defective, call before him witnesses, inquire into the guilt of the prisoner, and remand, recognize, or discharge him, as he may think proper.

The judge before whom a prisoner is brought by *habeas corpus* for the purpose of giving bail, may exercise his own discretion as to the amount of the penalty of the recognizance, without regard to the amount fixed by the magistrate who committed the prisoner.

Nov. Term, 1845.

THE STATE v. BEST.

Nov. Term,
1845.

THE STATE
v.
BEST.

Saturday,
January 17,
1846.

ERROR to the *Jefferson* Circuit Court.

DEWEY, J.—This was a *scire facias* against the defendants in error on a recognizance for the appearance of one of them, *Best*, in the Circuit Court, to answer to a charge of passing counterfeit money. The defendants craved *oyer* of the "recognizance and other papers," and demurred generally. It appeared by the *oyer* granted, that *Best.* had been found guilty before the mayor of *Madison* of passing counterfeit paper money; that he had been required by the mayor to recognize, with surety, in the sum of 300 dollars, for his appearance before the Circuit Court to answer the charge preferred against him, and that failing to do so, he had been committed to jail on the *mittimus* of the mayor. He petitioned an associate judge for the writ of *habeas corpus*, to enable him to give bail as required by the mayor. The writ issued; he was taken before the judge, who, after hearing testimony, ordered him to recognize, with surety, in the sum of 600 dollars for his appearance at the Circuit Court; he gave the recognizance set forth in the *scire facias* and was discharged. The Circuit Court sustained the demurrer, and rendered a final judgment in favour of the defendants.

We are not informed on what ground the Court below sustained the demurrer; nor is any attempt made here to support the judgment. The *scire facias* might, perhaps, have been more formal, but we think it is substantially good. It sets out that the recognizance (which is valid upon its face) was taken before an associate judge of the proper county; that it was returned to the Circuit Court and there recorded; that the recognizors made default; that judgment of forfeiture was rendered against them; and that the recognizance was in full force, unsatisfied, &c.

We have not examined whether the *mittimus* of the mayor was sufficient to authorize the detention of *Best* in jail, because, admitting it to be defective, the statute authorizes the judge, who issues a *habeas corpus* on complaint of illegal imprisonment, to call witnesses before him, inquire into the guilt of the prisoner, and to remand, recognize, or discharge him, as he may judge proper. R. S. 1838, p. 327. We do not conceive it to be any objection against the validity of the recognizance, that the penalty fixed by the judge was greater

than that required by the mayor. The former had a right to be guided by his own discretion on that subject. We see no ground on which to support the demurrer.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Ryman,* for the state.

*M. G. Bright,* for the defendants.